**YANG JIAN LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–2702–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

David X. Feng, New York, New York, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Yang Jian Li, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Alan Vomacka's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiar-

ity with the underlying facts and procedural history of this case.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (declining to remand, notwithstanding IJ error, because the reviewing court could "confidently predict" that the same decision would be made were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ As an initial matter, Li argues that the IJ applied the wrong standard of law in evaluating his asylum claim. He argues that the IJ erred in requiring Li to prove that his story was more likely true than not, contending that the IJ must have gotten this standard confused with the withholding of removal standard. Although Li is correct that an applicant must prove that future persecution is more likely than not to occur in order to succeed on a withholding of removal claim, the IJ here was evaluating Li's credibility, not the likelihood of future persecution. The IJ was correct in noting that an alien's burden is to prove his case by a preponderance of the evidence. *See* 8 C.F.R. § 208.13(a).

■ In this case, we do not agree with many of the IJ's adverse credibility factors; however, the non-erroneous grounds for his credibility determination are sufficient for this Court to confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen*, 434 F.3d at 162. The IJ did not err in questioning Li's testimony relating to the sale of anti-communism books for profit, especially considering that he knew it was illegal and would receive virtually no benefit. In addition, the IJ noted that Li had difficulty remembering various dates, and he was often inconsistent about when some of the relevant events occurred. We find that these factors are supported by the record and they are sufficient to serve as the basis for the adverse credibility determination.

■ Because the IJ's adverse credibility determination is supported by substantial evidence, and because Li's withholding of removal and CAT claims are based on the same facts as his asylum claim, the IJ did not err in denying these claims on adverse credibility grounds. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (relating to withholding of removal); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 297 (2d Cir.2006) (relating to CAT relief).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).